**AGRICHEM, LTD. and Insurco International, Ltd.,**
**Appellants,**

v.

**VOLUNTARY PURCHASING GROUPS, INC., Appellee.**

No. 2–93–220–CV.

Court of Appeals of Texas,
Fort Worth.

June 8, 1994.

Rehearing Overruled July 13, 1994.

Filteau, Sullivan & Georgantas, P.C. and Kevin P. Walters, Robert J. Filteau, Jack P. Thetford, Robert H. Finney, Houston, Haynes and Boone, L.L.P. and David E. Keltner, Karen S. Precella Fort Worth, for appellants.

Cooper & Huddleston, P.C. and R. Brent Cooper, J. Stephen Gibson, R. Douglas Rees, Dallas, for appellee.

Before HILL, C.J., and DAY and FARRAR, JJ.

## OPINION

DAY, Justice.

On March 1, 1993, Voluntary Purchasing Groups, Inc. (VPG) obtained a default judgment against Agrichem, Ltd. and Insurco International, Ltd. (appellants). Appellants have petitioned for review of the default judgment by writ of error.

We grant the writ, reverse the trial court's judgment, and remand for trial on the merits.

■ The four elements necessary for a review by writ of error are: (1) the petition must be brought within six months of the date of judgment; (2) by a party to the suit; (3) who did not participate in the trial; and (4) error must be apparent from the face of the record. *Stubbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex.1985); TEX.R.APP.P. 45. The first three of these elements are undisputed in this case. Thus, the sole issue before us is whether error appears on the face of the record.

■ In point two of their post-submission brief,[1] appellants contend the trial court lacked personal jurisdiction over them because VPG did not strictly comply with the provisions for substituted service set out in article 1.36, section 3 of the Texas Insurance Code. We must therefore decide whether there is a lack of jurisdiction apparent on the face of the record that would vitiate the trial court's default judgment. *McKanna v. Edgar*, 388 S.W.2d 927, 928 (Tex.1965).

The Texas Rules of Civil Procedure prohibit rendition of judgment against a defendant unless the defendant: (1) appears generally in the cause; (2) accepts or waives service of citation; or (3) receives service as "otherwise expressly provided by law or these rules." TEX.R.CIV.P. 124; *C.W. Bollinger Ins. Co. v. Fish*, 699 S.W.2d 645, 647 (Tex.App.—Austin 1985, no writ). Neither of the first two circumstances apply in this case, nor do we deal with personal service under the Rules of Civil Procedure. Instead, to establish the trial court's personal jurisdiction over appellants, VPG relies on substituted service upon the Commissioner of Insurance (the commissioner), as "expressly provided by law" in TEX.INS.CODE ANN. art. 1.36, §§ 3, 7(a) (Vernon Supp.1994).

■ There are no presumptions in favor of valid issuance, service, and return of citation in the face of a writ of error attack on a default judgment. *Uvalde Country Club v. Martin Linen Sup. Co.*, 690 S.W.2d 884, 885 (Tex.1985). Failure to affirmatively show

1. When justice requires, an appellate court has the authority to permit an appellant to file a post-submission brief that includes additional points of error. TEX.R.APP.P. 74(*o*); *Stuart v. Coldwell Banker & Co.*, 552 S.W.2d 904, 906 (Tex.Civ. App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.) (discussing predecessor rules to Rules of Appellate Procedure). We granted appellants' unopposed motion for leave to file a post-submission brief in this case. Since whether the trial court had personal jurisdiction over appellants is hotly contested in this writ of error proceeding, we will consider the jurisdictional points raised in the post-submission brief.

strict compliance with the statute providing for substituted service renders the attempted service of process invalid and of no effect. *Id.; C.W. Bollinger Ins. Co.,* 699 S.W.2d at 647. Under such circumstances, the default judgment cannot stand, even if the defendant had actual knowledge of the suit. *Wilson v. Dunn,* 800 S.W.2d 833, 836 (Tex.1990).

In order to establish personal jurisdiction through substituted service, the record must show that two requirements were met: First, VPG must have alleged facts that, if true, would make appellants amenable to substituted service on the commissioner as specified in article 1.36, sections 3 and 7(a). *McKanna,* 388 S.W.2d at 929; *C. W. Bollinger Ins. Co.,* 699 S.W.2d at 648. Second, the record must contain proof showing strict compliance with any conditions for substituted service laid down in article 1.36, section 3. *C.W. Bollinger Ins. Co.,* 699 S.W.2d at 648.

In its original petition, VPG alleged:

[Appellants] are foreign or alien insurance companies that either in their own name or through their predecessor in interest ... have transacted insurance business in this state as that term is defined in section 2 of article 1.14–1 of the Texas Insurance Code. The insurance business that [appellants] have performed in this state includes, but is not limited to, the following:

(a) issuing contracts of insurance to [VPG], which is a resident of, and authorized to do business in, Texas;

(b) investigating or adjusting claims by [VPG];

(c) transacting other business with [VPG], arising out of the policies in question after those policies became effective; and

(d) contracting to provide indemnification or expense reimbursement to [VPG], a person domiciled in Texas, for risks located in this state.

Neither [of appellants] has a certificate of authority to transact insurance business in this state. [Appellants] have no attorney for service of process as required by section 4(a) of article 1.36 of the Texas Insurance Code. Consequently, pursuant to sections 3(a) and 4(b) of article 1.36 of the Texas Insurance Code, the Commissioner of Insurance of this state is their attorney for service of process.

These allegations, taken as true, are sufficient to render appellants amenable to service under article 1.36, sections 3 and 7(a). *See* TEX.INS.CODE ANN. art. 1.14–1, § 2(a) (Vernon Supp.1994) (defining transacting insurance business in Texas). The record fails to show, however, that service of process was *in fact* effectuated in strict compliance with article 1.36.

Article 1.36, section 3 sets out the procedure for service of process, notice, or demand on the commissioner for unauthorized insurers who transact insurance business in Texas:

(a) If service of legal process, notice, or demand is to be effected on a company or organization by serving the commissioner, the process, notice, or demand may be served personally by a disinterested person over 18 years of age ... by certified or registered mail.

. . . .

(c) The citation must be directed to the defendant insurance company or organization, served through the commissioner, and must include the following:

. . . .

(2) for an unauthorized person or insurer, the name and address of the person or insurer to be served[.]

. . . .

(d) If the process, notice, or demand is served on the commissioner, he shall immediately have one copy forwarded by certified or registered mail to:

. . . .

(2) the defendant at the address supplied in the citation as provided by Subdivision (2) ... of Subsection (c) of this section[.]

(e) The commissioner shall keep a record of any process, notice, or demand served on him under this article and the action taken by him with reference to the process, notice, or demand.

(f) The commissioner shall provide on request a certificate issued by him showing the service and proof of delivery by a

return receipt for certified or registered mail.

TEX.INS.CODE ANN. art. 1.36, § 3(a) (Vernon Supp.1994).

In this case, the record reflects:

1. The citation directed the process server to deliver to the commissioner "triplicate copies of the citation together with triplicate copies of [VPG's] petition attached hereto[.]" *See* article 1.36, section 3(a).

2. Travis County Deputy M. Jackson received the copies of the citation and petition on November 14, 1991 and served them on the commissioner on November 20, 1991 via certified mail. *See id.*

3. The citations were directed to appellants, through the commissioner, and included the names and addresses of the persons to be served. *See* article 1.36, section 3(c)(2).

The record does not show, however, that the commissioner forwarded a copy of the citation and petition to each of appellants at the addresses provided in the citations. *See* article 1.36, section 3(d)(2). Although article 1.36, section 3(f) requires the commissioner to provide a certificate showing service and proof of delivery upon request, there is no such certificate in the record. Neither is there any evidence that VPG requested one.

Because the record does not affirmatively show that VPG effected service on appellants in strict compliance with article 1.36, section 3, we will not presume that the trial court had personal jurisdiction over appellants. We sustain appellants' second point of error in their post-submission brief. In light of our holding with regard to this point of error, we deem it unnecessary to consider appellants' remaining points of error.

We grant the writ and reverse the trial court's judgment because it is void for want of personal jurisdiction over appellants, as shown on the face of the record. We remand the cause for trial on the merits. Having appeared to attack the default judgment, appellants are presumed to have entered their appearance to the term of the trial court at which the mandate shall be filed. TEX.

R.CIV.P. 123; *McKanna,* 388 S.W.2d at 930; *C. W. Bollinger,* 699 S.W.2d at 655.